**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CHEUNG FOO KAN,
Petitioner,
v.
ERNESTO SANTACRUZ, *et al.*,
Respondents.

Case No. 5:26-cv-04427-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 6, 2026, Petitioner Cheung Foo Kan ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, against Ernesto Santacruz, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"); David J. Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); and Todd Blanche, Acting Attorney General of the United States. (Dkt. 1.) For the reasons stated herein, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Cheung Foo Kan (A# 040-287-643) from custody immediately.

/ / /

## II. BACKGROUND

Petitioner is a native and citizen of the People's Republic of China who entered the United States in 1987 as a child of a refugee. (Dkt. 1 at 11.)[1] Petitioner was admitted as a lawful permanent resident. (*Id.*) Petitioner was subject to deportation proceedings following criminal convictions, and a Final Order of Deportation was entered on July 12, 2002 by an immigration judge. (*Id.* at 11–13.) Petitioner completed all terms of imprisonment for his convictions in 1990 and 1994 and has not engaged in criminal conduct since then. (*Id.* at 14.)

Petitioner has resided in the United States for nearly four decades, establishing deep family and community ties. (*Id.* at 12.) Petitioner alleges that his life circumstances have significantly changed since the entry of his final deportation order in 2002. (*Id.* at 13.) Petitioner is married to a U.S. citizen and has three U.S. citizen children. (*Id.*) Petitioner helps provide support and assistance for his family, including his elderly parents. (*Id.*) Petitioner has maintained employment, paid taxes, and contributed economically to his community. (*Id.* at 13–14.) Through his efforts to cooperate with immigration officials to "regularize his immigration status[,]" Petitioner has had repeated interactions with federal immigration agencies. (*Id.* at 14.) Petitioner has "sought and obtained approval of Form I-130 from DHS CIS" and has filed a motion to reopen his deportation proceedings and "seek relief under former INA § 212(c) pursuant to *INS v. St. Cyr*, [533 U.S. 289, 326, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001).]" (*Id.*)

Petitioner was detained by ICE while he was leaving his home to go to work. (*Id.* at 3.) Petitioner is currently in ICE custody at the Adelanto ICE Processing Center in Adelanto, California. (*Id.* at 8.)

---

[1] All citations to Petitioner's and Respondents' filings refer to the pagination numbers added to the header when docketed in the Case Management/Electronic Case File system.

In the Petition, Petitioner argues that Respondents violated his Fifth Amendment due process rights. (*Id.* at 15–16.) Among the relief he seeks, Petitioner requests that the Court grant the Petition and issue an order requiring his immediate release. (*Id.* at 16–17.)

On August 10, 2026, the parties voluntarily consented to the assigned magistrate judge's jurisdiction under General Order 26-05. (Dkt. 8.)

Respondents filed their Answer to the Petition on August 13, 2026. (Dkt. 11.) Respondents state that they "are not presenting an opposition argument at this time as to the Petition." (*Id.* at 2.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, *inter alia*, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 16–17.) In Respondents' Answer,

Respondents plainly states they "are not presenting an opposition argument at this time as to the Petition." (Dkt. 11 at 2.) Respondents also state, "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.*) Given Respondents' concession, nothing more need be said. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Given Respondents' non-opposition and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Cheung Foo Kan (A# 040-287-643) immediately under the same conditions as he was released prior to his re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: August 14, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge